THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MONSERRATE TORO SANTANA, Defendant and Appellant.

No. 11658. Argued December 3, 1946.—Decided December 3, 1946.

*Jorge Díaz Cruz* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Monserrate Toro Santana, defendant herein, was charged in the complaint with a violation of § 4 of Act No. 25 of July 17, 1935 (Spec. Sess. Laws, p. 152), declares a public nuisance the games known as *Boli-pool, Bolita,* etc., said violation consisting in that "there were seized on his person, while carrying or conveying them, 52,200 fifths of *Boli-pool* or *Bolita,* . . ." He was convicted on appeal by the District Court of Ponce, and upon being sentenced to pay a fine of $50 and costs, he appealed to this court.

The second error assigned is to the effect that the lower court erred in weighing the evidence and in deciding that the same supported the judgment. The *Fiscal* of this court, in his brief, has consented to the reversal sought by the appellant because in his opinion the error assigned was committed. Let us see.

Section 4 of the aforesaid Act, in so far as pertinent, provides that: "Every person caught carrying or conveying any slip of paper, note, ticket, notebook, list of numbers, or implements, knowing that the same are used for the illegal games of *'bolita', 'boli-pool'*, etc.", and upon being convicted he may be punished in the manner prescribed by the aforesaid Section.

The testimony of the only witness for the prosecution in this case was to the effect that when the house of Marcelo Santana in Yauco was searched ". . . we surprised this young man (the defendant) in one of the rooms of his house operating *boli-pool* tickets or notes of a clandestine lottery which is played in Puerto Rico in combination with the last three numbers of the first prize of the Santo Domingo lottery; that he was putting them away in a suitcase, . . ." That the defendant "was handling the *bolita* and putting it in a suitcase."

This was the only evidence presented in connection with the offense charged. In our opinion it is clearly insufficient. The fact that the owner of the house, when testifying as witness for the defense, should state that he did not know how the tickets or notes had come into his house, does not warrant the lower court in finding, as it did, that it was the defendant who had brought said material to the house of Marcelo Santana.

The verbs *"portar"* (to carry) and *"conducir"* (to convey), used in § 4, *supra*, mean *"llevar o traer"* (to take or bring) and *"llevar, transportar de una parte a otra"* (to take, to transfer from one place to another), respectively, accord-

ing to the Dictionary of the Spanish Language, published by the Royal Academy. The modality stated in said § 4, therefore, is different from the one mentioned in § 3 of the same Act which deals with the "operation" of the aforesaid games.

In *People* v. *Portalatín*, 63 P.R.R. 615, we held, copying from the syllabus, that "Evidence which only shows that the defendant sold tickets used in the game known as 'boli-pool' does not support a complaint for operating said game. The variance existing between the complaint and the proof is sufficient to acquit the defendant." And in the course of the opinion, after examining the evidence, we stated, at p. 617: "The evidence which we have just set forth does not support the conviction, for even if we accept it as true, the facts charged against the defendants do not constitute a violation of § 3. What appears from said evidence is that defendant, as well as the two witnesses above-mentioned, violated § 4 of the Act, inasmuch as they were engaged in the sales of 'boli-pool' tickets."

In the case at bar, the testimony of the only witness for the prosecution, even assuming it were true, is insufficient to conclude that the defendant carried or conveyed "*boli-pool*" tickets in violation of § 4 of the Act, inasmuch as under our ruling in *People* v. *Salabarría*, 57 P.R.R. 128: "The clear language of the act leaves no doubt as to the fact that the *mere seizure* of the implements in a house, room, etc., is not sufficient to support a conviction of a violation of said act." (Italics ours.) Neither may the mere seizure of the tickets, in the house support a conviction of the offense of carrying or conveying said implements because of the fact that the defendant was putting them away in a suitcase.

The judgment appealed from should be reversed and the defendant discharged.

Mr. Justice Snyder did not participate herein.